UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DERELD HUMPHREY, | ) |
| Movant, | ) |
| v. | ) No. 4:15-CV-270 (CEJ) |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM

This matter is before the Court on the motion and supplemental motion of Dereld Humphrey to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. The United States has responded in opposition.

**I. Background**

Humphrey pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. 922(g)(1). According to the presentence report (PSR), Humphrey's prior felony convictions included robbery first degree, assault first degree, and armed criminal action. Defense counsel objected to the PSR's conclusion that Humphrey was an armed career criminal. Defense counsel argued that Humphrey did not have three violent felony convictions required for the armed career criminal designation, because the robbery and assault offenses—which were committed within 15 minutes of each other—should have been counted as one. The Court overruled the objection and sentenced Humphrey under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), to the mandatory minimum 180-month term of imprisonment.

Humphrey appealed, arguing that he did not have three predicate offenses required by 18 U.S.C. § 924(e)(1) to impose a sentence under the ACCA. *United States v. Humphrey*, 759 F.3d 909 (8th Cir. 2014). Again he argued that the robbery and assault offenses were not committed on separate occasions and therefore they should have been counted as a single offense. Humphrey "did not contest that his three prior convictions were for violent felonies, nor did he challenge the determination that his armed criminal action conviction . . . constituted a predicate offense for purposes of the ACCA." *Id.* at 911. The judgment was affirmed.

## II. Discussion

In his motion to vacate, Humphrey claims that he was denied effective assistance of counsel as a result of his attorney's failure to investigate his prior convictions, to object to the ACCA enhancement, to engage in effective plea discussions with the prosecuting attorney, and by failing to inform him of the possibility of an enhanced sentence under the ACCA. In his supplemental motion, Humphrey asserts that in light of the decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), his prior convictions no longer constitute predicate offenses that may be used to enhance a sentence under the ACCA.

### A. Armed Career Criminal Designation

In *Johnson*, the Supreme Court held that the "residual clause" of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. The ACCA enhances the punishment for firearms offenses under 18 U.S.C. § 922(g) when the defendant has at least three prior convictions for a serious drug offense or a "violent felony." The term "violent felony" is defined in the ACCA as felony offense that "(i) has as an element the use, attempted use, or threatened use of physical force against the

2

person of another, or (ii) is burglary, arson, or extortion, involves the use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another."* 18 U.S.C. § 924(e)(2)(B) (emphasis added). Subsection (i) of the ACCA is known as the "elements" clause. The language "is burglary, arson, or extortion, involves the use of explosives" in subsection (ii) is known as the "enumerated offenses" clause. The "otherwise involves" language of subsection (ii) is the residual clause that the Supreme Court found unconstitutional in *Johnson. Id.* at 2563.

Humphrey's prior felony convictions do not fall within the residual clause of the ACCA. Therefore, the ruling in *Johnson* is inapplicable to his case. Moreover, Humphrey could have argued on direct appeal that his prior convictions are not violent felonies or that they do not fall within either the elements clause or the enumerated offenses clause of the ACCA, but he failed to do so. A motion to vacate is not a substitute for a direct appeal. *See Boyer v. United States*, 988 F.2d 56, 57 (8th Cir. 1993); *Reid v. United States*, 976 F.2d 446, 447 (8th Cir. 1992), *cert. denied*, 507 U.S. 945 (1993) [*citing United States v. Frady*, 456 U.S. 152 (1982)]. Absent a showing of cause and prejudice, a movant cannot assert a claim in a § 2255 motion that could have been asserted on appeal. *Id*. Here, Humphrey has made no showing of cause or prejudice to excuse the procedural default.

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, a movant must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby*. Strickland v. Washington*, *466 U.S. 668, 688 (1984)*. With respect to the first *Strickland* prong, there is a strong presumption

3

that counsel's conduct falls within the wide range of professionally reasonable assistance. *Id.* at 689. In *Strickland*, the Court described the standard for determining an ineffective assistance claim:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case. At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

*Strickland*, 466 U.S. at 690.

To establish the "prejudice" prong, the movant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. The failure to show prejudice is dispositive, and a court need not address the reasonableness of counsel's performance in the absence of prejudice. *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

Humphrey's first claim of ineffective assistance is that his attorney failed to conduct a sufficient investigation of his criminal record. Humphrey does not contend that the recitation of his prior convictions in the PSR was erroneous. Further, the

4

transcript of the sentencing hearing reflects that defense counsel had knowledge of the facts underlying the assault, robbery, and armed criminal action convictions sufficient to allow her to make a cogent argument in support of the objection to the PSR.  Finally, Humphrey does not identify the information that a further investigation would have revealed.

Humphrey's second claim—that defense counsel failed to object to the ACCA enhancement—is contradicted by the record.  As set forth above, defense counsel argued at sentencing and on direct appeal that the robbery and assault offenses constituted a single offense and, therefore, Humphrey did not have the requisite number of prior convictions for the armed career criminal designation.  Even though defense counsel did not argue that Humphrey's prior convictions were for violent felonies, as defined in the ACCA, such an argument would have been futile.  Each of the offenses has as an element the use, attempted use, or threatened use of force against another.  *See* Mo. Rev. Stat. § 570.023 ("A person commits the offense of robbery in the first degree if he  . . . forcible steals property and in the course thereof he . . . (1) Causes serious physical injury to any person; or . . . (3) Uses or threatens the immediate use of a dangerous instrument against any person . . ."); Mo. Rev. Stat. § 565.050 ("A person commits the offense of assault first degree if he . . . attempts to kill or knowingly causes or attempts to cause serious physical injury to another.").

With respect to the third claim, Humphrey does not explain what he believes his attorney should have done in negotiating a plea agreement with the prosecutor. It was always the prosecutor's position that Humphrey was an armed career criminal.

5

Humphrey has not shown that his attorney could have done anything to dissuade the prosecutor from that stance.

The record also belies Humphrey's fourth claim that his lawyer never informed him of the possibility of an enhanced sentence under the ACCA.  Humphrey signed a plea agreement which specifically stated that he could be subject to a mandatory minimum sentence of 15 years under the ACCA.  At the change of plea hearing, the Court described all of the potential penalties to Humphrey and he acknowledged that he understood.  Additionally, the armed career criminal designation and the corresponding penalties were set out in detail in the PSR.  Humphrey stated during the sentencing hearing that he had read the PSR and reviewed it with his attorney. Humphrey made no claim that he was unaware of this information before he read the PSR nor did he ask to withdraw his guilty plea.  Finally, it is noteworthy that Humphrey does not contend that he would have insisted on proceeding to trial if he had known that he faced a minimum 15-year sentence. Thus, even if the Court were to find that Humphrey was not informed of the potential sentence, he has not demonstrated that he was prejudiced.

***

For the reasons discussed above, the Court concludes that Humphrey is not entitled to relief under 28 U.S.C. § 2255 based on the claims he asserts in the motion and supplemental motion to vacate.  Therefore, the motions will be denied without a hearing. See *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995). Additionally, the Court finds that Humphrey has not made a substantial showing of the denial of a constitutional right. Therefore, no certificate of appealability will be issued. See 28 U.S.C. § 2253.

An order consistent with this Memorandum will be filed separately.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 24th day of July, 2017.